UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELANIE KIRBY, on behalf of herself and all those similarly situated, | ) ) ) | CIVIL ACTION NO.: |
| | ) ) | |
| Plaintiff, | ) ) | SECTION: |
| | ) ) | |
| vs. | ) ) | MAGISTRATE: |
| | ) ) | |
| ACTIVE TREATMENT, INC., SMILES, INC. and MARLEY MARTEN, | ) ) ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

### INTRODUCTION

1. NOW INTO COURT, through undersigned counsel, comes Plaintiff Melanie Kirby, who asserts claims for unpaid wages against Defendants Active Treatment, Inc.; Smile, Inc.; and Marley Marten (collectively "Defendants").  Plaintiff complains that the Defendants Smiles, Inc. and Marley Marten engaged in a pattern or practice of unlawful conduct which resulted in the violation of her rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*  Plaintiff additionally brings individual claims against Defendants Active Treatment, Inc.; Smiles, Inc.; and Marley Marten for their failure to pay her earned and accrued vacation pay in direct violation of Louisiana's Final Wage Payment Act (FWPA), La. R.S. 23:631, *et seq.* and for breach of contract due to their failure to pay her agreed-upon severance pay in full.

### JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA and by 28 U.S.C. §1331, this action involving questions of

1

federal law. This Court is empowered to issue a declaratory judgment pursuant to 28

U.S.C. §§ 2201 and 2202. This Court additionally may exercise jurisdiction over

Plaintiff's individual state law claims pursuant to 28 U.S.C. §1367 because Plaintiff's

state law claims arise out of the same transaction or occurrence (specifically, her pay and

termination of employment) as her federal claims.

## VENUE

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4.  Plaintiff, Melanie Kirby, a resident of the Parish of Tangipahoa, State of Louisiana, worked for Defendants as an administrator and/or assistant administrator at their locations in Hammond, LA.

5.  The following persons or entities are named as Defendants:

> (A)   Defendant Active Treatment, Inc. is a Louisiana company, authorized to do and doing business in the State of Louisiana, Parish of Tangipahoa.

> (B)   Defendant Smiles, Inc. is a Louisiana corporation, authorized to do and doing business in the State of Louisiana, Parish of Tangipahoa.

> (C)   Defendant Marley Marten is an individual who is a resident of the State of Louisiana who, upon information and belief, is solely responsible for the payroll practices (specifically, failure to pay minimum wages in violation of the FLSA and failure to pay final wages in violation of the FWPA) and breach of contract complained of herein.

(D)     Collectively, defendants will be referred to as "Defendants."

## FACTUAL BACKGROUND

6. Plaintiff was hired by Defendants to work as an administrator for Active Treatment, Inc. and Smiles, Inc. in 2008.  She worked for Defendants until approximately March 2019.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was the "employee" of Defendants within the meaning of FLSA.

10. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

13. Plaintiff routinely and as part of her regular duties for Defendants, worked between Defendants' Active Treatment, Inc. and Smiles, Inc. locations.

14. However, despite regularly and routinely working for Smiles, Inc. an average of 20 hours per week, Plaintiff was never paid for the work that she did for Smiles, Inc.

15. Rather, Plaintiff was only paid by Active Treatment, Inc. for the work that she performed for Active Treatment, Inc.

16. Other employees who worked for both Active Treatment, Inc. and Smiles, Inc. were paid by both entities for their work.

17. Plaintiff believes that she was the only employee who was forced to work for Smiles, Inc. without pay.

18. The decision to not pay Plaintiff minimum wage for all hours worked for Smiles, Inc. was made solely by Defendant Marley Marten.

19. Defendant Marten controlled when Plaintiff worked, where she worked, what work she performed, how she performed her work and maintained payroll and personnel records for Plaintiff.

20. In this manner, and due solely to the actions of Smiles, Inc. and Marley Marten, Plaintiff was denied the federally-mandated minimum wage for all hours that she worked for Smiles, Inc.

**COUNT I: VIOLATION OF FEDERAL MINIMUM WAGE REQUIREMENTS**

21. All previous paragraphs are incorporated as though fully set forth herein.

22. Defendants Marley Marten and Smiles, Inc. are joint employers covered by the minimum wage pay mandates of the FLSA, and Plaintiff was entitled to the FLSA's minimum wage protections while working for Smiles, Inc.

23. The FLSA requires that employees must be paid the federal minimum of $7.25 for each and every hour that they work for their employer.

24. Defendants Marten and Smiles, Inc. violated the FLSA by failing to pay Plaintiff the legally mandated hourly minimum wage for the hours that she worked for Smiles, Inc.

25. Defendants' failure to pay Plaintiff the federally-mandated minimum wage is the result of a deliberate scheme whereby which Defendants sought to avoid paying Plaintiff for the work that she performed for Smiles, Inc.

26. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if she were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that she was not exempt.

27. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

28. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the minimum wage rate for all hours worked for Smiles, Inc. when they knew, or should have known, such was and is due.

29. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

30. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered lost minimum wage compensation, plus liquidated damages.

<u>**CONSENT**</u>

31. Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A".

**ATTORNEY'S FEES**

32. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

**COUNT II: VIOLATION OF
LOUISIANA'S FINAL WAGE PAYMENT ACT, LA. R.S. 23:631**

33. All previous paragraphs are incorporated as though fully set forth herein.

34. While working for Active Treatment, Inc., Smiles, Inc. and Marley Marten, Plaintiff, pursuant to Defendants' handbook, earned a certain amount of vacation hours and other paid time off.

35. Her work for each entity contributed to the earning and accrual of these hours.

36. Louisiana's Final Wage Payment Act mandates that an employer pay all employees their full and final wages on the earlier of their next regular pay date or within fifteen days of their termination or resignation. La. R.S. 32:631.

37. "Vacation pay" is considered a "wage" under the FWPA and all accrued vacation pay must be paid to former employees on the earlier of their next regular pay date or within fifteen days of termination or resignation.

38. Plaintiff ceased working for Defendants on March 6, 2019. As of that date, she had 14 hours of earned and accrued vacation pay.

39. As part of an agreement with her employers, she was guaranteed payment of her accrued sick leave pay as part of her final paycheck and thus 27 days of accrued sick pay became a wage due for purposes of the FWPA. Plaintiff made demand upon Defendants for these wages prior to March 14, 2019.

40. However, on March 14, 2019 Defendants caused a letter to be sent to Plaintiff claiming that she forfeited her right to these wages pursuant to the Defendants' employee handbook but in contravention of the FWPA.

41.  Defendants have refused to pay her these wages, in direct violation of the FWPA.

42. As a result of Defendants' unlawful actions, Plaintiff is entitled to payment of her unpaid wages including vacation pay in full, one days' penalty wages for each day up to 90 days after the filing of this suit that Defendants fail to pay these wages, and attorneys fees and costs.

## COUNT III: BAD FAITH BREACH OF CONTRACT

43. At the time of her termination, Defendants Active Treatment, Inc.; Smiles, Inc.; and Marley Marten agreed to pay to Plaintiff approximately $12,000 as part of a severance package.

44. However, Defendants failed to actually pay this severance to Plaintiff.  Instead, they paid her $6,000, which is one-half of the severance that she was told she would be paid.

45. Defendants' failure to abide by the terms of the severance agreement that was agreed-upon between Defendants and Plaintiff is knowing, willful, without justification and in bad faith.

46. Accordingly, Plaintiff is entitled to recover all damages allowable to her, plus attorneys fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that Defendants be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein

in favor of Plaintiff and against Defendants for all damages reasonable in the premises, and demand the following:

a.  A declaration declaring that Defendants' payroll practices are in violation of the law;

b.  An injunction prohibiting Defendants from engaging in future minimum wage pay violations;

c.  Payment of unpaid minimum wages to Plaintiff;

d.  Full payment to Plaintiff of her accrued and earned, but unpaid vacation pay and other paid time off;

e.  Damages awarded to Plaintiff for Defendants' bad faith breach of contract;

f.  Penalties, liquidated damages and any other monetary penalties to the fullest extent permitted under the law;

g.  Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

h.  Legal interest and such other and further relief as this Court deems just and proper.

/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F:  (888) 988-6499
E: jjackson@jackson-law.net
    mjackson@jackson-law.net
Attorneys for Plaintiff

**PLEASE SERVE:**

Active Treatment, Inc.
Through its registered agent:
Marley Marten
219 E. Thomas Street
Hammond, LA 70401

Smile, Inc.
Through its registered agent:
Marley Marten
219 E. Thomas Street
Hammond, LA 70401

Marley Marten, individually:
11 S. Division Dr.
Covington, La 70433